ALEXANDER BARING & al. vs. PETER HARMON & al.

By the statute 1821, *ch.* 59, § 33, the copies of private acts of the legislature, printed under the authority of the State, are to be received as evidence thereof in all Courts of law.

Devisees in trust, under a will, are permitted, by rule 34 of this Court, to give in evidence an office copy of the deed to the testator under which they claim.

THIS was an action of *trespass, quare clausum,* for breaking and entering the plaintiffs' close, in Plantation No. 26.

To prove the title to the *locus in quo,* the plaintiffs offered in evidence an office copy of a deed, verified by the register, from the Commonwealth of *Massachusetts* to *William Bingham,* deceased, dated *January* 28, 1793, duly acknowledged and recorded, under whom the plaintiffs claimed, with an authenticated copy of the will of said *Bingham,* devising his real estate in *Maine* to trustees with the power of appointing other trustees.

They also read in evidence an act passed *January* 31, 1828, special laws, *ch.* 190, for the relief of the heirs of said *Bingham ;* the plaintiffs' counsel claiming for them the character of trustees, by appointment by the original trustees under said will, and made in pursuance of said will, and also by the authority of said act.

The counsel for the defendants objected to the reading of the office copy of said deed and said act, but the Chief Justice, then

holding the Court, overruled the objection, reserving the question of their admissibility for the opinion of the whole Court. A verdict was returned for the plaintiffs. If the foregoing testimony was inadmissible, the verdict is to be set aside.

*Hobbs,* for the defendants, remarked, that he could say nothing in relation to the admissibility of the statute, as he could not find it, although it was referred to in the report.

The admission of an office copy of a deed, when the original should have been produced, is a sufficient cause for granting a new trial. *Woodman* v. *Coolbroth,* 7 *Greenl.* 181. The admission of the copy was a violation of the spirit and intention of the rule of this Court on the subject. *Rule* 34, 1 *Greenl.* 422. The plaintiffs do not stand in the relation of purchasers, but are mere trustees for the heirs of *Bingham,* and ought not to be exempted from the operation of any rules applicable to heirs. The rule has no relation to the age of the deed, but to the persons, who should have the custody of it ; who in this case are the plaintiffs.

*F. Allen,* for the plaintiffs.

The plaintiffs are neither grantees, nor heirs, nor servants of grantees, and therefore come within the rule. The deed is forty years old, and it might be used without proof, and therefore the defendants could derive no advantage by having the original instead of a copy. The statute, *ch.* 59, § 33, provides, that the printed copies of private acts shall be admitted as evidence of them. As the objections are merely technical, the Court will not extend the meaning of the rule beyond its literal import. *Scanlan* v. *Wright,* 13 *Pick.* 523.

At a subsequent day in the same term, the opinion of the Court was delivered by

Weston C. J. — By the act regulating judicial process, statute of 1821, *ch.* 59, § 33, it is provided that the copies of private acts of the legislature, printed under the authority of the State, shall be received as good evidence thereof in all Courts of law. The act objected to at the trial, being thus authenticated, was properly received in evidence.

The plaintiffs in this action are neither grantees in the deed, an office copy of which was received in evidence, nor do they claim as heirs, or set up any title or justification, as servants of the grantee or his heirs, they were therefore entitled to adduce in evidence the office copy read at the trial, under the thirty-fourth rule of this Court.

*Judgment on the verdict.*